### EASTMAN KODAK CO. v. MacLEESTER.
### No. 5501.

Circuit Court of Appeals, Third Circuit.

Feb. 11, 1935.

Howson & Howson, of Philadelphia, Pa. (Daniel I. Mayne and Newton M. Perrins, both of Rochester, N. Y., of counsel), for appellant.

Joseph G. Denny, Jr., of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

This is a bill in equity to compel the appellee to assign his patent to the Eastman Kodak Company. The situation was that MacLeester, the appellee, had pending an application for a chemical patent. This patent the Eastman Company desired to have assigned to it and it prepared an assignment in which not only was the application in question assigned, but all future improvements thereon. This latter clause MacLeester objected to and it was stricken out, so that the case stands on what passed under this assignment, which was of "the entire right, title and interest in and to all of the inventions and improvements disclosed in said application, serial No. 582,558, together with all letters patent which may be issued thereon or as a result thereof." Thereafter, the Eastman Company pursued such application and was ultimately granted a patent. MacLeester freely concedes that all of the invention disclosed in that application was assigned to the plaintiff and it had a right to the full enjoyment of the invention disclosed therein. Subsequently he applied for another patent, and it is sought by this bill to compel him to assign also the patent granted on his second application.

The Eastman Company claims that the invention for which the second patent was given to MacLeester was disclosed in the first patent. If such was the case, then the Eastman Company had a right, if such invention was disclosed, to put in its application claims covering the same. It made no such effort and tried to secure no such claims. It was evidently an afterthought on its part to seek to have the second patent assigned to it as embodying the invention of the first. We find no basis for the Eastman Company's claim and affirm the decision below on the ground that the invention of the second patent was not included in the first patent or transferred by the assignment thereof.